# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| HEIDI BIANCA CRANE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>UTAH HOUSING CORPORATION, et al.,<br>FIRST COLONY MORTGAGE, et al.,<br>LINCOLN TITLE INSURANCE AGENCY, et al.,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>● **DENYING [8] MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; AND**<br>● **ORDERING PLAINTIFF TO SHOW CAUSE AS TO WHY FEDERAL SUBJECT MATTER JURISDICTION EXISTS**<br><br>Case No. 4:19-cv-00081-DN<br><br>District Judge David Nuffer |

　　　　Shortly after she filed her Complaint,[1] Pro Se Plaintiff Heidi Bianca Crane (Ms. Crane) filed the "Motion for Temporary Restraining Order/To Stay with Preliminary Injunction" (the Motion).[2] Because Ms. Crane has not complied with Fed. R. Civ. P. 65(b)(1)(B), the Motion is denied. Further, because it is unclear if this Court has jurisdiction to hear Ms. Crane's Complaint, Ms. Crane is ordered to show cause why federal subject matter jurisdiction exists in this case.

　　　　Fed. R. Civ. P. 65(b)(1) provides that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if* . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

---

[1] Complaint, docket no. 3, filed October 1, 2019.

[2] Motion for Temporary Restraining Order/To Stay with Preliminary Injunction, docket no. 8, filed October 9, 2019.

required."[3] Ms. Crane here, acting pro se, has not provided certification with the Motion of any efforts she has made to provide notice to the named Defendants that Ms. Crane is seeking a temporary restraining order and preliminary injunction, nor has Ms. Crane attempted to explain why notice to the Defendants should not be required. Because of this deficiency, the temporary restraining order will not issue and there is no basis to set a hearing on Ms. Crane's request for a preliminary injunction under Fed. R. Civ. P. 65(b)(3).

Deficiency in the Motion aside, it is not clear that federal subject matter jurisdiction exists over Ms. Crane's Complaint. "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party, and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction at any stage in the litigation."[4] There are two statutory basis for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 which concerns "civil actions arising under the Constitution, laws, or treaties of the United States[,]"[5] and diversity jurisdiction under 28 U.S.C. § 1332 which concerns "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States"[6]

It is unclear if this Court has jurisdiction under either of these statutes to hear Ms. Crane's Complaint. Her complaint disclaims diversity jurisdiction[7] and specifically states that the parties are all Utah based.[8] Although both the Complaint and the Motion assert that

---

[3] Fed. R. Civ. P. 65(b)(1)(B).

[4] 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation omitted).

[5] 28 U.S.C. § 1331

[6] 28 U.S.C. § 1332

[7] Complaint at 3.

[8] *Id.* at 2.

jurisdiction is appropriate under the federal question provisions of 28 U.S.C. § 1331 and Ms. Crane references various federal statutes (the Fair Debt Collection Practices Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act)[9] the central focus of Ms. Crane's Complaint is her challenge to foreclosure proceedings initiated under the terms of a promissory note and deed of trust.[10] Challenging the exercise of foreclosure remedies under a promissory note is a contractual claim that would be governed by state law and does not support federal question jurisdiction under 28 U.S.C. § 1331 Neither her Complaint nor her Motion reveal any claim arising under federal law.

To determine whether there is a clear, federal statutory basis for federal question jurisdiction, Ms. Crane is ordered to show what federal law applies to the Defendants' exercise of foreclosure provisions under the promissory note and deed of trust. It appears that Ms. Crane's claims in her complaint against these defendants are to be litigated in Utah state court and not federal court.

## ORDER

IT IS HEREBY ORDERED that the Motion[11] is DENIED. IT IS FURTHER ORDERED that Ms. Crane is to file a memorandum by October 28, 2019, answering the question identified above: **What federal law gives her a claim arising out of the Defendants' exercise of foreclosure provisions under the applicable promissory note and deed of trust?**

---

[9] Motion at 9.

[10] Complaint at 5; Motion at 2.

[11] Motion for Temporary Restraining Order/To Stay with Preliminary Injunction, docket no. 8, filed October 9, 2019

Failure to comply with this order will result in the involuntary dismissal of Ms. Crane's Complaint under Fed. R. Civ. P. 41(b).

Signed October 23, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge